718 So.2d 586 (1998)
Stephanie VENIBLE
v.
FIRST FINANCIAL INSURANCE COMPANY, et al.
Nicole BENITEZ
v.
Ernest BAILEY, et al.
Nos. 97-C-2495, 97-C-2667.
Court of Appeal of Louisiana, Fourth Circuit.
August 26, 1998.
Rehearing Denied October 15, 1998.
Frank M. Buck, Jr., Robert L. Manard, Manard & Buck, New Orleans, for Plaintiff/Appellee.
Thomas G. Buck, George C. Aucoin, Jr., Blue Williams, L.L.P., Metairie, for Defendanty/Appellant First Financial Insurance Company.
Warren Horn, Tristan Manthey, Bronfin & Heller, L.L.C., New Orleans, for Plaintiff Nicole M. Benitez.
Christopher E. Lozes, Lozes & Cambre, New Orleans, for Defendant Allstate Insurance Company.
Robert L. Manard, Manard & Buck, New Orleans, for Appellee Erin Klotz.
Before KLEES, LANDRIEU and CIACCIO, JJ.
LANDRIEU, Judge.
The issue presented in these writ applications is whether a third party claimant states a cause of action for damages and penalties under La.Rev.Stat. 22:1220 B(5). The Supreme Court remanded these applications to us for briefing, argument, and opinion, with instructions that the writ applications be consolidated. Having consolidated the applications, we reverse the rulings of the district courts and grant the exceptions of no cause of action.
In Civil District Court No. 96-02647, Stephanie Venible, a tenant residing at 639-41 Gallier Street, alleged she was injured when the ceiling of the apartment she lived in fell on her. She sued the owners of the apartment and their insurer, First Financial Insurance Company.
In her third amended and supplemental petition, Venible alleged she gave satisfactory proof of loss to the insurer, and the insurer failed to pay the amount of her claim for more than sixty days. Thus, according to Venible, she was entitled to recover damages *587 and penalties under La.Rev.Stat. 22:1220 B(5). In response to Venible's petition, defendants filed an exception of no cause of action, arguing that La.Rev.Stat. 22:1220 B(5) did not apply to third party claimants. The trial court overruled the exception of no cause of action.
First Financial filed an application for supervisory writs to this court, which we denied in an unpublished writ based on particular language in Theriot v. Midland Risk Ins. Co., 95-2895, p. 15 (La.5/20/97), 694 So.2d 184, 193. First Financial then filed an application for supervisory writs to the Supreme Court.
In Civil District Court Nos. 97-07352 and 97-12417, after a car accident, the driver, Erin Klotz, and passenger, Nicole Benitez, filed suits against the owner and the driver of the other car and the owner's liability insurer. The insurer, Allstate Insurance Company, filed an exception of no cause of action as to the plaintiffs' request for penalties and attorney's fees, arguing that the plaintiffs were third parties to the insurance contract and were not entitled to penalties and attorney's fees pursuant to La.Rev.Stat. 22:1220 B. The trial court overruled the exception, and Allstate sought this court's supervisory jurisdiction.
This court denied Allstate's application for supervisory writs because the exception in the trial court was for only a partial no cause of action. Allstate then filed an application for supervisory writs to the Supreme Court.
In response to the Supreme Court's remand of these writ applications, we now consider the applications anew. As noted above, the sole issue as presented in these writ applications is whether the penalty provisions of La.Rev.Stat. 22:1220 B(5) are applicable to third parties.
La. R.S. 22:1220 provides:
Sec. 1220. Good faith duty; claims settlement practices; cause of action; penalties
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause. (Emphasis added.)
The issue of whether a third party claimant states a cause of action for damages and penalties under La.Rev.Stat. 22:1220 B(5) was considered by the Third Circuit in Guidroz v. State Farm Mut. Auto. Ins. Co., 97-200 (La.App. 3 Cir. 6/25/97), 698 So.2d 967, reversed on other grounds, 97-2653 (La. 1/30/98), 705 So.2d 738, in which Ramona Guidroz and her husband filed a petition for damages allegedly arising out of an accident caused by an individual driving a vehicle insured by State Farm. Plaintiffs later amended their petition and asserted a claim for penalties and attorneys fees against State Farm for failure to adjust their claims promptly pursuant to La.Rev.Stat. 22:1220. State Farm filed an exception of no cause of action regarding its handling of the Guidrozes' claim. The third circuit affirmed the lower court's grant of an exception of no cause of action, stating that the Louisiana Supreme Court in Theriot v. Midland Risk *588 Ins. Co., 95-2895 (La.5/20/97), 694 So.2d 184, determined that La.Rev.Stat. 22:1220 did not impose a penalty on insurers for their failure to make a reasonable effort to settle claims with third-party claimants unless the thirdparty claimant could show the insurer breached its duty of good faith and fair dealings by committing or performing one of the acts enumerated in La.Rev.Stat. 22:1220(B).
The court then stated:
Paragraph thirty-one of the Guidrozes' amended petition reads as follows:
31.
"Despite receipt of medical bills, medical reports and diagnostic studies objectively documenting RAMONA's injuries, STATE FARM failed to pay RAMONA and her family any amount for their claims within sixty (60) days after satisfactory proof of loss; and such failure was arbitrary, capricious and without probable cause, entitling RAMONA and PERRY GUIDROZ to general and special damages arising from STATE FARM's breach of its duty of good faith and to penalties pursuant to La. R.S. 22:1220."
Clearly this paragraph does not state a cause of action under La. R.S. 22:1220(B)(1)-(4). Although the language somewhat mirrors the language of La.R..S. 22:1220(B)(5), that subsection only applies to "any person insured by the contract," not claimants such as the Guidrozes. As such, the Guidrozes have failed to allege facts which would entitle them to the relief they seek. Therefore, the trial court's decision granting State Farm's peremptory exception of no cause of action is affirmed.
Guidroz v. State Farm Mut. Auto. Ins. Co., 97-200, pp. 8-9, 698 So.2d at 972.
The issue was also discussed by the second circuit in Smith v. Midland Risk Ins. Co., 28,793 (La.App. 2 Cir. 9/24/97), 699 So.2d 1192, in which defendant, Midland Risk Insurance Co., and its insured appealed a judgment awarding the plaintiff damages, as well as statutory penalties. In awarding penalties, the trial court found that the insurer breached its duty to fairly and promptly adjust plaintiff's claim and was therefore liable for statutory penalties. The appellate court reversed the award of statutory penalties, finding that the insurer did not commit any of the acts specified in La.Rev.Stat. 22:1220 B. Citing Theriot, the court recognized that a right of action is available to both insureds and third-parties under La.Rev.Stat. 22:1220, but that only the commission of one of the specific acts in 22:1220(B) would support a private action under the statute. In reversing the trial court's assessment of statutory penalties against the insurer, the court stated:
Subsection 1220B(5), by its express language, applies only to claims due to an insured. The plaintiff is not a "person insured by the contract" between Midland Risk and Sharon Lemmons [the insured]. Thus, plaintiff does not qualify as an insured and Section 1220B(5) does not apply to her claim.
Smith, 699 So.2d at 1197.
Notwithstanding these courts' reliance upon Theriot, the Supreme Court in Theriot was not called upon to address the issue of whether a third party claimant stated a cause of action for damages and penalties under La.Rev.Stat. 22:1220 B(5). The claimant in Theriot admitted that the insurer had not committed any of the enumerated acts listed in subsection B of the statute, but claimed that the insurer was nevertheless liable for violating broad general duties set forth in subsection A of the statute. Therefore, it was not necessary for the Court to specifically address any ambiguity in La.Rev. Stat. 22:1220 B(5). The Court merely considered whether the trial court erred when it rejected claims for damages and statutory penalties under La.Rev.Stat. 22:1220 by a third party claimant. The trial court had rejected the claim on the basis that the statute presumed a reasonable offer from the plaintiff had been rejected by the insurance company. The appellate court had ruled that La.Rev.Stat. 22:1220 placed an affirmative duty on the insurer to make a reasonable effort to settle claims. Finding that the insurer's offers to settle were unreasonable, the appellate court reversed the trial court's judgment denying damages and statutory *589 penalties. Theriot, 95-227 (La.App. 3 Cir. 11/2/95), 664 So.2d 547.
The Supreme Court, on rehearing, reversed and reinstated the decision of the trial court denying damages and penalties pursuant to La.Rev.Stat. 22:1220. The Court ruled that 22:1220 imposes a good faith duty on insurers and creates a right of action directly in favor of third-party claimants, but only as to those specific acts enumerated by statute.
Theriot, however, does contain language that arguably supports the plaintiffs' position. After noting that absent statutory creation, a cause of action in favor of a third party claimant against a tort-feasor's insurer is not generally recognized, the court stated:
There is no question that La. R.S. 22:1220, B(1)-(5) and La. R.S. 22:658 do statutorily create certain limited causes of action in favor of third-party claimants that derogate from established rules of insurance law. However, the expression of legislative intent in those instances is express and unambiguous. In the absence of an equally clear expression of legislative will, we are unwilling to adopt a more expansive interpretation of La. R.S. 22:1220 that would drastically affect the traditionally accepted relationships among insureds, insurers and claimants by imposing on insurers a broad, undefined duty to attempt settlement with third parties. (Emphasis added.)
Theriot, 694 So.2d at 193. Nevertheless, because the plaintiff admitted that the insurer had not committed any of the enumerated acts in subsection B, the Court's statement concerning La.Rev.Stat. 22:1220 B(5) is dicta.
Theriot did not consider the specific subsection relevant in the instant cases. Specifically, subsection B(5) imposes damages on a insurer who knowingly "[f]ail[s] to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" (emphasis added). The confusion in this case stems from the use of two different terms within that subsection: "insured" and "claimant."
The plaintiffs argue that the phrase "insured by the contract" modifies "any claim" instead of "any person." In the definition section of the Part of the Insurance Code containing La.Rev.Stat. 22:1220, however, "insured" is defined as the party named on the policy. A claimant can be any person entitled to recover under the policy. In La. Rev.Stat. 22:658, the legislature avoided the problem presented by this language by stating, "[a]ll insurers shall make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proofs of loss of that claim." See La.Rev. Stat. 22:658 A(4).
Furthermore, although subsections B(1)-B(4) are not before us, none contains language which could be interpreted as limiting recovery to only an insured, and each of those provisions specifies a punishable act that is dishonest or fraudulent. It is only B(5) that contains the word "insured" and mentions "proof of loss" which is a term more readily associated with the relationship between an insured and his insurer than it is between non-contracting parties.
We believe that the language used by the legislature in La.Rev.Stat. 22:1220 B(5) is confusing and subject to various reasonable, but contradictory, interpretations. Considering that the provision is clearly a penal statute and therefore must be strictly construed, we hold that La.Rev.Stat. 22:1220 B(5) does not provide a cause of action in favor of third-party claimants. See Armstrong v. Rabito, 95-0659, 95-0660, (La.App. 4 Cir. 10/26/95), 663 So.2d 512; Hernandez v. Continental Cas. Ins. Co., 615 So.2d 484 (La.App. 4 Cir.1993), writ denied, 620 So.2d 850 (La. 1993). If the legislature intended otherwise, it could have easily written the provision to express such an intent. Although the plaintiffs' offer logical arguments, we will not supply or clarify legislative intent when we are required to strictly construe penal statutes.
Accordingly, the plaintiffs do not state a cause of action under La.Rev.Stat. 22:1220 B(5) because a strict reading of that provision requires that it only applies to an insured, not third-party claimants such as the *590 plaintiffs. Therefore, the plaintiffs have failed to allege facts which would entitle them to the relief they seek under subsection B(5). The trial courts' decisions overruling relators' peremptory exceptions of no cause of action are reversed, and the exceptions are hereby granted.
WRIT APPLICATIONS GRANTED; JUDGMENTS REVERSED.

APPLICATION FOR REHEARING DENIED
The application for rehearing is denied. This court denied the writ application in Case No. 97-C-2667 on January 8, 1998, and denied the writ application in No. 97-C-2495 on January 23, 1998. On March 20, 1998, the Louisiana Supreme Court remanded Case No. 97-C-2667 to this court for briefing, argument and opinion. Benitez v. Bailey, 98-0285 (La.3/20/98), 715 So.2d 1196. Thereafter, the Supreme Court on April 3, 1998, remanded Case No. 97-C-2495 to this court for consolidation with Benitez v. Bailey. Venible v. First Financial Ins. Co., 98-0462 (La.4/3/98), 717 So.2d 226.