Ji_NESTOR L. CURRAULT, Jr, Judge Pro Tem.
The defendants, Dayna Talley and Allstate Insurance Company, appeal a judgment awarding the plaintiff, Tyran Paul, $12,094.16 in damages and $5,000.00 in penalties. For the following reasons, we affirm the portion of the judgment awarding damages, and reverse the portion of the judgment awarding penalties.
The defendants assign three errors:
1. The lower court committed manifest error in finding that Dayna Talley was the cause of the accident in question.
2. The lower court committed an abuse of discretion in awarding Tyran Paul $10,-000.00 in general damages for a whiplash injury wherein he was initially discharged by Dr. Altman after approximately two months of treatment.
3. The lower court committed manifest error in finding that Allstate Insurance Company acted arbitrarily and capriciously in violation of La. R.S. 22:1220(B)(5).
The testimony at trial established that on June 25, 1995, Ms. Talley’s and Mr. Paul’s vehicles collided at the intersection of Loyola Drive and the j2Interstate 10 exit ramp in Kenner, Louisiana. The intersection is controlled by a traffic light. Immediately prior to the accident, Ms. Talley exited Interstate 10, and was driving east when she approached the intersection. Mr. Paul was traveling south on Loyola Drive when he approached the intersection. Ms. Talley testified that the traffic signal in her direction was yellow when she was one car’s length away from the intersection and that she assumed that the light was still yellow at the time of the accident. Mr. Paul testified that when he entered the intersection, the traffic signal in his direction was green. Thomas Grimes, an independent witness, testified that he was on Loyola Drive, headed in the same direction as Mr. Paul. Mr. Grimes testi- *1253 fled that before the accident, the traffic light was green in Mr. Paul’s direction when Mr. Paul’s vehicle entered the intersection.
Officer Ralph Roy of the Kenner Police Department was the. investigating officer at the accident and testified that both vehicles sustained heavy damage in the accident. Officer Roy stated that the traffic signal at the intersection was not malfunctioning when he inspected the traffic signal after the accident. He further testified that he issued Ms. Talley a citation for disregarding a red traffic signal.
As a result of the June 25, 1995 accident, Mr. Paul sustained various personal injuries. Mr. Paul testified that the glass in the passenger’s side window shattered upon impact, and that his right ear was lacerated and required stitches at the emergency room. He also testified that glass was embedded in his head and leg. After the accident, Mr. Paul was treated in the emergency room of East Jefferson Hospital and was subsequently treated |8by Dr. Stewart Altman and was ultimately discharged on December 14, 1995.
In the first assignment of error, the defendants contend that the trial judge was manifestly erroneous in finding that the defendant, Dayna Talley, was solely at fault in causing the accident. Specifically, the defendants argue that the plaintiff negligently entered the intersection immediately after the traffic signal in his direction turned green, and thus, the trial judge should have allocated a portion of the fault to the plaintiff. The plaintiff responds that the trial judge’s assessment of fault was based upon the credibility of the witnesses and was not manifestly erroneous.
Based on the judgment in this case, the trial judge obviously made a factual determination that Ms. Talley’s negligence caused the accident. It is well settled that on appellate review of a factual determination, the reviewing court may not set aside the findings of fact in the absence of manifest error or unless they are clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978). According to our jurisprudence, the issue to be resolved by the reviewing court is not whether the factfinder was right or wrong, but whether his conclusion was a reasonable one. Stobart v. State, Through DOTD, 617 So.2d 880, 883 (La.1993). Thus, where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart, supra; Johnson v. State Farm Mut. Auto. Ins. Co., 95-1027, pp. 3-4 (La.App. 5 Cir. 5/15/96), 675 So.2d 1161, 1162-1163.
14In this case, the trial judge heard Mr. Grimes’ and the plaintiff’s testimony that the plaintiff had a green light when he entered the intersection. The trial judge also heard the defendant’s testimony that she had a yellow light when she was one car length away from the intersection. The trial judge obviously attached greater weight to the testimony supporting the plaintiffs version of the events and concluded that the accident was caused by Ms. Talley’s negligence in proceeding through the intersection against the traffic signal. We find no manifest error in the trial judge’s conclusion.
Next, we turn to the defendant’s contention that the trial judge abused his discretion in awarding $10,000.00 in general damages to the plaintiff. The defendants argue that according to Dr. Altman’s November 1995 report, any further treatment was attributable to injuries Mr. Paul sustained on his new job, which he started in the latter part of October 1995. The plaintiff responds that Allstate is responsible for the treatment of his injuries after he started his job because Dr. Altman’s deposition testimony shows that Mr. Paul’s continued treatment was either accident-related, or was related to a combination of the accident-related injuries and the new job.
Dr. Altman, whose deposition was admitted in lieu of his trial testimony, testified that he began treating Mr. Paul on July 3, 1995. Dr. Altman stated that Mr. Paul had suffered cervical and lumbosacral spine sprain, a sprain of the left hand and had a spasm in his neck. Mr. Paul underwent physical therapy and ultrasound therapy from July 3,1995 to September 1,1995. However, Dr. Altman testified that Mr. Paul was still Igcomplaining of neck and shoulder pain, but was not com *1254 plaining of back pain when he was initially-discharged on September 1,1995.
On November 3, 1995, Mr. Paul returned to Dr. Altman. He related to Dr. Altman that he had started a new job two weeks before, and that he was experiencing pain in his neck and back. In his November 16, 1995 report, Dr. Altman stated that he believed that Mr. Paul’s neck and back pain was related to the new job, since he had been “asymptomatic for two months.” However, Dr. Altman subsequently explained in his July 1996 deposition that he believed that Mr. Paul’s pain was due to either the injuries he had sustained in the accident or was due to a combination of the accident-related injuries and the new job. At the November office visit, Dr. Altman gave Mr. Paul some anti-inflammatory medication and advised him to return in three weeks. Mr. Paul was ultimately discharged on December 14, 1995.
While the defendants urge that the $10,-000.00 general damage award was excessive, we do not agree. In Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), the Louisiana Supreme Court explained the appellate review of general damage awards as follows:
... the discretion vested in the trier of fact is ‘great,’ and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
Considering the plaintiffs injuries in light of Youn, supra, we |6conclude that the trial judge did not abuse his vast discretion in awarding general damages in the amount of $10,000.00.
In the last assignment of error, the defendants contend that the trial judge erroneously awarded the plaintiff statutory penalties of $5,000.00. The defendants argue that plaintiff, a third-party claimant, does not have a right of action under LSA-R.S. 22:1220(B)(5). We agree.
In his petition, the plaintiff alleged that he was entitled to penalties under LSA-R.S. 22:1220 because Allstate had failed to act in good faith to settle his claim. The record reflects that Allstate excepted to the plaintiffs petition on the ground that plaintiff did not have a right of action/cause of action under that statute. The plaintiff responded that he had a right of action under LSA-R.S. 22:1220(B)(5) because Allstate had arbitrarily and capriciously failed to settle his claim. The trial judge subsequently rendered a judgment awarding the plaintiff $5,000.00 in penalties.[1]
The issue before us is whether LSA-R.S. 22:1220(B)(5) provides a right of action to a third-party claimant, that is, a person other than the person named as an insured in the insurance contract.
LSA-22:1220 provides as follows:
§ 1220. Good faith duty; claims settlement practices; cause of action; penalties
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust ^claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer’s duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
*1255 (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
D. The provisions of this Section shall not be applicable to claims made under health and accident insurance policies.
E. Repealed by Acts 1997, No. 949, § 2.
F. The Insurance Guaranty Association Fund, as provided in $ R.S. 22:1375 et seq., shall not be liable for any special damages awarded under the provisions of this Section.
In D’Abreu v. Diesel Power Intern. Inc., 625 So.2d 540 (La.App. 5 Cir.1993), we held that a third-party claimant has a right of action under | ¡¡Paragraph A of LSA-R.S. 22:1220, but not under Paragraph B(5). We stated that while Paragraph A was clear, Paragraph B(5) is “somewhat ambiguous” because both of the phrases “claimant” and “person insured by the contract” appear in Paragraph B(5). Id., at 543-544. After a thorough discussion of principles of statutory construction, we concluded that a “person insured by the contract” meant the “party or parties named or included in the insurance policy,” not a third-party claimant. Id., at 544.
In the instant case, the plaintiff concedes that the Louisiana Supreme Court’s decision in Theriot v. Midland Risk Ins. Co., 95-2895 (La.5/20/97), 694 So.2d 184 left open the question of whether or not a third-party claimant has a right of action under LSA-R.S. 22:1220(B)(5). In Theriot, the Louisiana Supreme Court held that a third-party claimant has a claim under LSA-R.S. 22:1220 against the insurer for penalties only if the insurer committed one of the five specific acts listed in Paragraph B. The Theriot court rejected the plaintiffs argument that Paragraph A imposed a broad statutory duty to “adjust her claim fairly and promptly and to make reasonable efforts' to settle the claim.” Id., at 186. Because the plaintiff in Theriot admitted that the insurer had not committed any of the enumerated acts in Paragraph B, the issue of whether or not a third-party claimant has a right of action under paragraph B(5) was not before the Theriot court.
In his brief before this Court, the plaintiff asserts that two writ panels of the Fourth Circuit have ruled that LSA-R.S. 22:1220(B)(5) applies to third-party claimants. However, the Louisiana Supreme Court granted writs and these cases were remanded to the appellate court for briefing, argument, band opinion. Venible v. First Financial Insurance Company, et al, 98-CC-0462 (La. 4/3/98), 717 So.2d 226, 1998 WL 327960. Upon reconsideration, the Fourth Circuit held that a third-party claimant “does not state a cause of action under La.Rev.Stat. 22:1220 B(5) because a strict reading of that provision requires that it only applies to an insured, not third-party claimants ...” Venible v. First Financial Insurance Company, et al., 97-2495 (La.App. 4 Cir. 8/26/98), 718 So.2d 586, 1998 WL 569433, p. 5.[2]
As noted by the Fourth Circuit in Venible, there is language in Theriot that arguably *1256 supports the plaintiffs position. The Theriot court stated that “[t]here is no question that La. R.S. 22:1220, B(1)-(5) and La. R.S. 22:658 do statutorily create certain limited causes of action in favor of third-party claimants that derogate from established rules of insurance law.” (Emphasis in the original). The Venir ble court concluded that this language was dicta because the plaintiff in Theriot admitted that the insurer had not violated any of the enumerated provisions of paragraph B. We agree.
Even before Theriot, we held in D’Abren, supra, that third-party claimants do not have a right of action for penalties under paragraph B(5). After reviewing the recent jurisprudence, we adhere to our reasoning in DAbreu and we hold that LSA-R.S. 22:1220(B)(5) does not provide a right of action to third-party claimants. Accordingly, we reverse the portion of the hajudgment awarding the plaintiff $5000.00 in penalties.
DECREE
For the foregoing reasons, that part of the trial court’s judgment awarding plaintiff $12,-094.16 in damages is affirmed. That part of the judgment awarding the plaintiff $5,000.00 in penalties is reversed. Costs of this appeal are assessed one-half to appellants, Allstate Insurance Company and Dayna Talley, and one-half to the appellee, Tyran Paul.
AFFIRMED IN PART; REVERSED IN PART.

. The judgment in this case is silent on the disposition of Allstate's exception. When a judgment is silent on the disposition of an exception, it is presumed that the exception was denied. Pollock v. Louisiana Ins. Guar. Ass’n, 587 So.2d 823, 831 (La.App. 3 Cir.1991). Accordingly, we presume that the trial judge denied Allstate's exception.

. The Second and Third Circuit Courts of Appeal have likewise concluded that LSA-R.S. 22:1220(B)(5) does not apply to third-party claimants in Smith v. Midland Risk, 29,793 (La.App. 2 Cir. 9/24/97), 699 So.2d 1192 and Guidroz v. State Farm Mut. Auto. Ins. Co., 97-200 (La.App. 3 Cir. 6/25/97), 698 So.2d 967, writ granted and remanded on other grounds, 97-2653 (La. 1/30/98), 705 So.2d 738.