, |,YELVERTON, Judge.
This circuit has decided to address en banc the issue of whether a third party who is not an insured under an insurance contract has a cause of action for damages and penalties under La.R.S. 22:1220(B)(5). The trial court granted a motion for summary judgment in favor of State Farm Mutual Automobile Insurance Company and Johnathan Boudreaux and against Alise Celestine, individually and as natural tutrix on behalf of her minor children, Jasper and Coltlain Celestine. We affirm.
FACTION BEFORE THE TRIAL COURT
This suit arises out of an automobile accident that occurred on the evening of April 26, 1996. Alise Celestine and her two minor children, Jasper and Coltlain Celestine, were guest passengers in a vehicle owned and operated by Lynndell M. Melancon when it was allegedly struck from behind by a vehicle operated by State Farm’s insured, Johnathan Boudreaux. Boudreaux was, at all relevant times, insured by State Farm.
On April 25, 1997, plaintiff filed suit against State Farm and Boudreaux and, of particular relevance, stated in paragraph 26 of her petition:
At all times mentioned herein, defendant, State Farm Mutual Automobile Insurance Company, was fully aware of the severity of the injuries sustained by petitioners as well as the full extent of *2 their damages, including medical expenses. Despite this knowledge defendant, State Farm Mutual Automobile Insurance Company, has breached its duty to petitioners by failing to adjust these claims fairly and by failing to make a reasonable effort to settle and has further engaged in arbitrary and capricious behavior in failing to pay the full extent of petitioner’s damages, without probable cause.
Seeking to establish a claim under La. R.S. 22:1220(B)(5) based on the allegations of paragraph 26 of her petition, plaintiff noticed State Farm’s adjustor, Vickie Tem-onia, for the taking of her deposition. Defendants moved to quash the deposition challenging its relevance in light of Theriot v. Midland Risk Ins. Co., 95-2895 (La.5/20/97); 694 So.2d 184, which, defendants argued, would deny plaintiff a cause of action under La.R.S. 22:1220. The trial judge granted the motion to quash finding that Theriot interpreted La.R.S. 22:1220 to give a cause of action for failure of an insurer to timely pay only to an insured, not a third-party claimant; since the lower court found the plaintiff was without a cause of action under La.R.S. 22:1220, pit found that evidence taken from the State Farm agent would be irrelevant and not likely to lead to discoverable evidence. Defendants then moved for summary judgment, arguing that plaintiffs demands under La.R.S. 22:1220 should be dismissed where La.R.S. 22:1220 does not provide third parties a cause of action under the rationale of Theriot. Granting a partial summary judgment in defendants’ favor, the trial judge assigned as his reasons for ruling the same reasons that he rendered on the motion to quash.
APPLICATION of La.R.S. 22:1220
Following the amendment of the summary judgment law, summary judgment is now favored. It shall be used to “secure the just, speedy, and inexpensive determination” of all actions, except those excluded by La.Code Civ.P. art. 969. La.Code Civ.P. art. 966(A)(2). The trial court is required to render summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” Article 966(B). A summary judgment may be rendered dispositive of a particular cause of action even though the granting of the summary judgment does not dispose of the entire case. Article 966(E). Finally, it is well settled that the appellate review of summary judgment is de novo, applying the same standard as the trial court. Accordingly, we take a de novo review of the matter at bar.
Celestine is not a person insured by the State Farm contract in this case. She is a third party. The insurance contract was between Boudreaux and State Farm.
|4La.R.S. 22:1220 (emphasis supplied) provides in pertinent part:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer’s duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was *3 altered without notice to, or knowledge or consent of, the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
Celestine claims that the trial court misread Theriot, 694 So.2d 184, when it concluded that La.R.S. 22:1220(B)(5) does not apply to third-party claimants. She argues that the supreme court unequivocally held that La.R.S. 22:1220(B)(l-5) applies to both insured and third-party claimants. We do not agree.
In Guidroz v. State Farm Mut. Auto. Ins. Co., 97-200 (La.App. 3 Cir. 6/25/97); 698 So.2d 967, unit granted, reversed on other grounds and remanded, 97-2653 (La.1/30/98); 705 So.2d 738, this court held that the express language of La.R.S. | S22:1220(B)(5) did not grant a third party a cause of action under La.R.S. 22:1220 because that subsection applies only to “any person insured by the contract.”
The second circuit in Smith v. Midland Risk Ins. Co., 29,793 (La.App. 2 Cir. 9/24/97); 699 So.2d 1192, reversing a trial court’s assessment of statutory penalties against Midland Risk, has also held that La.R.S. 22:1220(B)(5) by its express language applies only to claims due to an insured.
In Venible v. First Financial Ins. Co., 97-2495, 97-2667 (La.App. 4 Cir. 8/26/98); 718 So.2d 586, the fourth circuit, likewise addressed the issue of whether the penalty provisions of La.R.S. 22:1220(B)(5) are applicable to third parties. The fourth circuit pointed out that the supreme court in Theñot was not called upon to address the issue of whether a third-party claimant stated a cause of action for damages and penalties under La.R.S. 22:1220(B)(5). Specifically addressing the issue of whether a third party has a cause of action for penalties pursuant to La.R.S. 22:1220(B)(5), the fourth circuit explained:
Specifically, subsection B(5) imposes damages on a[sie] insurer who knowingly “[f]ail[s] to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause” (emphasis added). The confusion in this case stems from the use of two different terms within that subsection: “insured” and “claimant.” •
The plaintiffs argue that the phrase “insured by the contract” modifies “any claim” instead of “any person.” In the definition section of the Part of the Insurance Code containing La.Rev.Stat. 22:1220, however, “insured” is defined as the party named on the policy. A claimant can be any person entitled to recover under the policy. In La.Rev.Stat. 22:658, the legislature avoided the problem presented by this language by stating, “[a]ll insurers shall make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proofs of loss of that claim.” See La.Rev.Stat. 22:658 A(4).
| fiFurthermore, although subsections B(l)-B(4) are not before us, none contains language which could be interpreted as limiting recovery to only an insured, and each of those provisions specifies a punishable act that is dishonest or fraudulent. It is only B(5) that contains the word “insured” and mentions “proof of loss” which is a term more readily associated with the relationship between an insured and his insurer than it is between non-contracting parties.
We believe that the language used by the legislature in La.Rev.Stat. 22:1220 B(5) is confusing and subject to various reasonable, but contradictory, interpretations. Considering that the provision is clearly a penal statute and therefore *4 must be strictly construed, we hold that La.Rev.Stat. 22:1220 B(5) does not provide a cause of action in favor of third-party claimants. See Armstrong v. Rabito, 95-0659, 95-0660 (La.App. 4 Cir. 10/26/95), 663 So.2d 512; Hernandez v. Continental Cas. Ins. Co., 615 So.2d 484 (La.App. 4 Cir.1993), writ denied, 620 So.2d 850 (La.1993). If the legislature intended otherwise, it could have easily written the provision to express such an intent. Although the plaintiffs’ [sic] offer logical arguments, we will not supply or clarify legislative intent when we are required to strictly construe penal statutes.
Accordingly, the plaintiffs do not state a cause of action under La.Rev.Stat. 22:1220 B(5) because a strict reading of that provision requires that it only applies to an insured, not third-party claimants such as the plaintiffs. Therefore, the plaintiffs have failed to allege facts which would entitle them to the relief they seek under subsection B(5).
Venible, 718 So.2d at 589-590.
We agree with the analysis by the fourth circuit and adhere to our previous holding in Guidroz, 698 So.2d 967. La.R.S. 22:1220(B)(5) expressly applies only to a claim by an insured and does not apply to a person such as Celestine who is not insured under the contract.
The judgment of the trial court is affirmed at Alise Celestine’s costs.
AFFIRMED.
SAUNDERS, J., dissents and assigns written reasons.
THIBODEAUX, J., WOODARD, J., and PETERS, J., dissents for the reasons assigned by Judge SAUNDERS.