| T SAUNDERS, J.,
dissenting.
I respectfully disagree from the majority’s application of Theriot v. Midland Risk Ins. Co., 95-2895 (La.5/20/97); 694 So.2d 184. I read Theriot to grant this plaintiff relief. A close look at Theriot reveals significant distinguishing factors from the matter sub judice. Fundamentally separating the Theriot plaintiff from the present one is the fact that Ms. Theriot admitted that none of the enumerated acts in La.R.S. 22:1220(B) were committed by the insurers; rather, Ms. Theriot sought relief under a theory that the insurers were “liable for violating broad general duties set forth in Subsection A of the statute.” Id. at 186. The insurers in Theriot set forth two arguments: one, that the statute imposes no duties on insurers running in favor of third parties and two, if the statute does give third parties any remedy, it is only under Subsection B. The Louisiana Supreme Court in Theriot rendered a two-pronged holding that established the crux of La.R.S. 22:1220: first, Subsection B is an exclusive list, and second, the duties of good faith and fair dealing that insurers owe | ato third party claimants, as Subsection A informs us and when violated as listed under Subsection B, grant to third parties a cause of action. The introductory sentence of La.R.S. 22:1220(B) clearly states that “[a]ny one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer’s duties imposed in Subsection A....” Those duties “imposed in Subsection A” are as we previously noted, that of good faith, fair dealing and prompt, fair adjustment of claims as to “the insured or the claimant, or both.” La.R.S. 22:1220(A). Subsection A sets forth the policy considerations and to whom they apply while Subsection B lists what violations will give rise to penalties.
Much of Theriot focuses on determining the exclusivity of Subsection B. The Supreme Court does not directly address the language of Subsection B(5) that seems to limit the cause of action to insureds, to wit: “Failing to pay the amount of any claim due any person insured by the contract within sixty days after the receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.” La.R.S. *5 22:1220(B)(5). However, guidance pertinent to the present discussion can be gleaned from the court’s discussion of the derivation of the exclusivity of the Subsection B list.
The Louisiana Supreme Court thoroughly analyzed La.R.S. 22:1220 using the traditional civilian method of interpretation. The court began with the plain wording of La.R.S. 22:1220, and where faced with ambiguity, looked to the related laws, legislative history and well-settled principles of statutory construction to glean the legislature’s intent when it enacted the statute. Id. The court in Theriot narrowly interpreted the penal statute using the maxim expressio unius et exdusio alterius and concluded that the legislature did intend to grant third parties a claim under the statute, but only under the listed circumstances of Subsection B — not under a broad ^general duty under Subsection A as the Theriot plaintiff argued. Id. The Theriot court noted that “[h]aving separated § 1220 from its original cross-reference to the proposed limited version of § 1214(14), it was natural and structurally appropriate for the legislature to introduce the newly created private cause of action with a statement of policy and introductory language in Subsection A.” Id. at 192. Where Subsection A serves the statute as an introduction, then certainly the principles and objectives expressed therein must necessarily guide interpretation of the statute as a whole. The supreme court further notes that there is no private right of action under Theriot’s claim that the insurers failed to attempt in good faith to effectuate fair and prompt settlement when liability had become reasonably clear — such claims are to be policed by the Commissioner under La. R.S. 22:1214. Id. This is not the same private right of action as that under Subsection B(5) wherein, as the supreme court stated, “La.R.S. 22:1220, B(l) — (5) and La.R.S. 22:658 do statutorily create certain limited causes of action in favor of third-party claimants that derogate from established rules of insurance law. However, the expression of legislative intent in those instances is express and unambiguous.” Id. at 193.
The Theriot court did not acknowledge the Subsection B(5) language that is causing the present interpretive quandary. However, the interpretative approach most consistent with this recent discussion by the supreme court is one which is informed by the principles of Subsection A when construing Subsection B(5) to ensure fair dealing with both the insured and claimant. Applying Subsection B(5) to third parties furthers Subsection A policies where an insurer refuses to pay in such a way that is arbitrary, capricious, or without probable cause. To construe Subsection B(5) to only give the insured that right would undermine the precepts of Subsection A. Indeed, as acknowledged by the Louisiana Supreme Court in Theriot, the private | ¿rights of action set forth in La.R.S. 22:1220 derogate from traditional insurance law; nevertheless, the appropriate construction of Subsection B, informed by the policies of Subsection A, grants a third-party claimant a cause of action under that exclusive list.
The majority heavily relies on a recent decision from the fourth circuit, Venible v. First Financial Insurance Company, 97-2495, 97-2667 (La.App. 4 Cir. 8/26/98); 718 So.2d 586. The claimant in Venible argued that since Theriot did not address the Subsection B(5) question, its statement in that regard is merely dicta since the plaintiff admitted that the defendant had not committed any act under Subsection B. While Ms. Theriot did concede that her claim did not fall under Subsection B, the supreme court nevertheless embraced the opportunity to consider the historical development of the statute. The fourth circuit in Veni-ble overlooks the clear and simple language the supreme court expressed in Theriot. As explained above, the Theriot court set forth language that the legislative intent in those instances enumerated in Subsection B are exclusive and unambiguously grant a cause of action to third *6 parties. Theriot, 694 So.2d 184. Further gratuitous analysis rendered by the fourth circuit is misleading and unnecessary in light of Theriot.
In Lucille Gauthier and Willard Gauthier v. The Traveler’s Insurance Co., et al, 97-1937, 1998 WL 373405 (E.D.La.7/2/98), Federal Judge Duval relied on the clear expression of Theriot when he denied a defendant insurer’s motion for summary judgment which was argued on the grounds that La.R.S. 22:1220 B(5) did not grant a third party claimant a cause of action. Judge Duval noted that under La.R.S. 22:1220, where “[as in the present case] there is clearly an alleged violation of Subsection B(5) ... the third party claimant has a right to bring the action.”M at 185.
A seemingly conflicting case arising out of this circuit court is Guidroz v. State 5Farm Mutual Automobile Insurance Company, 97-200 (La.App. 3 Cir. 6/25/97); 698 So.2d 967; writ granted, 97-2653 (La.1/30/08); 705 So.2d 738, reversed on other grounds and remanded, where this court held that the express language of Subsection B(5) did not grant a third party cause of action under La.R.S. 22:1220. What is important to note in Guidroz is that our holding primarily turned on reversing the lower court’s decision and rendering instead a rule in favor of the plaintiff where a bad faith insurer unreasonably exposed her to an excess personal judgment; we did not engage in a detailed analysis of La.R.S. 22:1220.
Presently, under a closer, principled analysis of La.R.S. 22:1220, and in light of Theriot, it seems clear that third parties do have a cause of action under La.R.S. 22:1220(B)(5).
In sum, I would find that Alise Celestine has stated a cause of action in paragraph “26” of her petition which alleged that the defendant insurer, State Farm, arbitrarily and capriciously failed to settle or pay her damages without probable cause. This language used by the plaintiff clearly invokes the specific provision of La.R.S. 22:1220(B)(5) and not any general broad duty under Subsection A which was argued to no avail by the Theriot plaintiff. Additionally, I would find that the erroneous analysis of the lower court deprived the plaintiff of adequate discovery and denied her attempt to depose the State Farm claim’s adjuster. The trial judge explained in his reasons for ruling that since he found the plaintiff had no cause of action against State Farm, all testimony and evidence procured in that regard would be irrelevant and would lead to no discoverable evidence. Accordingly, I would reverse and remand.