637 So.2d 792 (1994)
Norris J. NETTLETON, Jr.
v.
AUDUBON INSURANCE COMPANY.
No. 93 CA 1576.
Court of Appeal of Louisiana, First Circuit.
May 20, 1994.
*793 Carlos E. Lazarus, Jr., Houma, for plaintiff-appellant.
Carolyn McNabb, Houma, for defendant-appellee.
Before LOTTINGER, C.J., and CRAIN and LeBLANC, JJ.
CRAIN, Judge.
Audubon Insurance Co. (Audubon) appeals from a judgment based on a jury verdict which awarded plaintiff damages, penalties, and attorney fees resulting from a one-vehicle accident. We affirm the damage award and reverse the award of penalties and attorney fees.
On appeal Audubon raises three issues for our consideration: (1) Whether the trial court erred in finding Audubon liable for the damages sustained by the plaintiff; (2) Whether the trial court erred in awarding penalties and attorney fees under Louisiana Revised Statute 22:658; and (3) Whether the trial court erred in finding the defendant's refusal to pay plaintiff's claim was "arbitrary and capricious".
The facts as revealed by the record are as follows:
On February 25, 1990 plaintiff and his wife, Ruby, were in Montegut, Louisiana, where they had viewed the Children's Parade. At the event, the Nettletons were in the company of the Sagona family, their long-time friends.
Following the parade, it was the couple's intention to return to their home in Montegut, where the Sagonas would join them, for a crawfish boil.
At approximately 4:40 p.m. on the date in question, the Nettletons entered their pick-up truck, with Mrs. Nettleton driving and Mr. Nettleton as a passenger, and they began driving home on Louisiana Highway 55. The Sagona vehicle proceeded behind them.
*794 The weather was clear and the roadway was straight.
Mrs. Nettleton was driving within the speed limit, and speaking with her husband, who was in the adjoining passenger seat of the vehicle. The Nettleton vehicle, while still on the roadway, began to vibrate. The tires on the passenger side went off the roadway. The vehicle crossed the highway to the left, flipped over two times, struck the curb and then a tree, before coming to rest upside down adjacent to the roadway.
Both occupants of the vehicle were injured.[1] Norris Nettleton, Jr., filed a direct action against Audubon Insurance Company, the liability insurer of the Nettleton truck.
This matter was tried before a jury over a three day period. The jury rendered judgment in favor of Norris Nettleton, Jr., and against Audubon Insurance Company on the issue of liability. The sum of $50,000 was awarded. In response to jury interrogatories, the jury found "Audubon Insurance Company arbitrary, capricious, and without probable cause for its failure to tender or to pay the claim of Norris Nettleton, Jr." Pursuant to the agreement of the parties, the judge fixed the award for penalties at $5,000 and the award for attorney fees at $12,500.

Liability
On appeal defendant contends that the trial court erred in finding them liable for the actions of Mrs. Nettleton in that no evidence of Mrs. Nettleton's negligence was presented at trial. We disagree.
In order for the guest passenger to recover damages for personal injuries, it is incumbent upon him to show the negligence of the driver of the vehicle. La.C.C. art. 2315.
In Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 882-883 (La.1993), the court held that,
A court of appeal may not set aside a trial court's or a jury's findings of fact in the absence of `manifest error' or unless it is `clearly wrong.' This court has announced a two-part test for the reversal of a factfinder's determinations:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
This test dictates that a reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court's finding. The reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous.
Nevertheless, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony.... Nonetheless, this court has emphasized that `the reviewing court must always keep in mind that if the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.' ...
Thus, where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. (Citations deleted), (Emphasis added).
We have reviewed the record in its entirety and find that the jury's finding of liability is reasonable.
The vehicle driver, Ruby Nettleton, testified at trial as follows:

*795 Q Now, I believe, and I was, and I apologize to the Court and to Mr. Nettleton because I picked up the wrong deposition, but I believe that it was you who had a problem with the steering jamming on that truck, am I correct?
A Yes.
Q Excuse me?
A Yes.
Q And that truck had jammed on you before, the steering on that truck had jammed on you before?
A I think so, yeah.
Q And it had jammed on your daughter I believe?
A Uh huh (Affirmative response).
Additionally, although Mrs. Nettleton testified that she did not recall being inattentive at the time of the accident and that she had nothing to drink that day, her testimony was contradicted by two witnesses.
Mr. Nettleton testified that at the time of the accident the couple was playing the radio and talking.
Ms. Jane Sagona, who had spent the day with the Nettletons and was traveling behind the Nettleton vehicle, at a distance of three car lengths at the time of this accident, testified that she thought Mrs. Nettleton drank a beer at the parade.
The investigating officer, Trooper Fredrick Thomas testified at trial that in his report of February 25, 1990, he attributed the accident to the inattentiveness of the driver.
In light of this evidence, the jury could reasonably have concluded that Mrs. Nettleton was negligent in operating a vehicle she knew had experienced mechanical problems. Additionally, or in the alternative, the jury could have concluded that Mrs. Nettleton was negligent in driving after having consumed an alcoholic beverage and her inattentiveness was negligence which caused this accident.
Under these circumstances we find no manifest error in the jury's conclusion that Audubon was liable because of the negligence of Ruby Nettleton.

Attorney Fees and Penalties
Audubon contends that the trial court erred in applying La.R.S. 22:658, instructing the jury accordingly, and awarding damages for penalties and attorney's fees.
Louisiana Revised Statute Title 22 Section 658 provides in pertinent part:
La.R.S. 22:658. Payment and adjustment of claims, policies other than life and health and accident; personal vehicle damage claims; penalties; arson-related claims suspension
A. (1) All insurers issuing any type of contract, ..., shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
. . . . .
B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor.... [w]hen such failure is found to be arbitrary, capricious, or without probable cause, shall subject insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, together with all reasonable attorney fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, ten percent of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney fees for the prosecution and collection of such amount.

* * * * * *
It is clear from the language of the statute that the penalties provided therein are predicated upon the contractual relationship between the insurer and his insured and the obligations which flow therefrom. With reference to a liability insurer this statute has been viewed as the "legislative condemnation of a liability insurer who breaches its obligation to defend its insured." Little v. Kalo Laboratories, Inc., 424 So.2d 1065 at 1069 (La.App. 2nd Cir.1982) writs den., 430 So.2d *796 79 (La.1983). As such the statute is intended to operate as an inducement to the insurer to defend its insured.
In the present case plaintiff, although a named insured under the contract of insurance issued by Audubon, is nonetheless before this court as a third party claimant seeking recovery under the liability portion of the tortfeasor's contract of insurance. He is not claiming as an "insured" against his insurance carrier, nor seeking defense by his insurer. Accordingly, we find the provisions of La.R.S. 22:658 inapplicable to the facts of this case. It was, error for the trial court to apply this statute and to award attorney fees and penalties pursuant to it.[2]
Accordingly, the judgment of the district court is affirmed, insofar as it awarded plaintiff general damages in the sum of $50,000.00. The judgment is reversed, insofar as it awarded plaintiff the sum of $5,000 statutory penalties and $12,500 attorney fees pursuant to La.R.S. 22:658. In all other respects the judgment is affirmed. Costs of this proceeding are to be borne by the respective parties.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] By stipulation of counsel during trial it was agreed that should the jury find liability, the defendant insurer would pay the $50,000 policy limits, plus legal interest from the date of demand.
[2] The jury made a finding that the defendant was "arbitrary and capricious", which might have formed the basis of a claim for penalties under La.R.S. 22:1220. However, the appellees have not answered the appeal and asked for an award under La.R.S. 22:1220. Additionally, our review of the record does not reveal appellees proved actual damages as a result of any breach of duty on the part of Audubon, which is required by La.R.S. 22:1220. Champagne v. Hartford Casualty Insurance Group, 607 So.2d 752, 758 (La.App. 1st Cir.1992).