767 So.2d 785 (2000)
Frank W. WOODRUFF, Jr.
v.
STATE FARM INSURANCE COMPANY, et al.
No. 99-CA-2818.
Court of Appeal of Louisiana, Fourth Circuit.
June 14, 2000.
Rehearing Denied August 15, 2000.
*786 John David Cassanova, Metairie, Louisiana, Counsel for Plaintiff/Appellant.
Raymond A. Pelleteri, Jr., Stacy D. Hyde, Pelleteri & Associates, New Orleans, Louisiana, Counsel for Defendants/Appellees.
Court composed of Judge MIRIAM G. WALTZER, Judge DENNIS R. BAGNERIS, Sr., Judge PHILIP C. CIACCIO, Pro Tempore.
CIACCIO, Judge Pro Tempore.
This is an appeal from a judgment of the trial court granting defendants' exception of no cause and/or right of action. The issue presented is whether the law provides for a third-party claim against an insurance company pursuant to the provisions of LSA-R.S. 22:1220 and LSA-R.S. 22:658.
Plaintiff, Frank W. Woodruff, Jr. filed the instant petition for damages on February 23, 1999 against State Farm Insurance Company and Carol A. Sydney alleging that he was involved in an automobile accident with a vehicle being driven by Ms. Sydney and insured by State Farm. In this petition, plaintiff alleged as follows:

*787 X.
Your petitioner has made amicable demand for payment of his claim, and defendant, State Farm Insurance, has arbitrarily and capriciously and/or without probable cause failed to deal fairly, in good faith, and has failed and refused to pay plaintiff's claim within thirty (30) days after receipt of satisfactory proof of loss, all in direct violation of R.S. 22:658 and/or R.S. 22:1220.
XI.
Petitioner is entitled to such damages as are reasonable in the premises, including, but, [sic] not limited to penalties, attorney's fees, and all costs of these proceedings.
Defendants filed an answer to plaintiff's petition on April 13, 1999, denying the allegations of the petition and further alleging that the cause of the accident was due to the fault of plaintiff, Frank Woodruff. On the same date, defendants filed a Peremptory Exception of No Right of Action/No Cause of Action on the basis that "Louisiana Revised Statute 22:1220 and 22:658 does [sic] not provide third party claimants a right of action against State Farm Mutual Automobile Insurance Company for penalties and attorney's fees.
Defendants' exception was heard by the trial court on May 7, 1999, and the court took the matter under advisement. The parties submitted additional memoranda on the issues presented, and by judgment dated May 25, 1999, the trial court maintained defendants' peremptory exception and dismissed plaintiff's allegations in paragraph X and XI claiming he is entitled to penalties, attorney's fees and costs pursuant to LSA-R.S. 22:1220 and LSA-R.S. 22:658. This appeal followed.
On appeal, plaintiff contends that the trial court's dismissal of the allegations of his petition is contrary to law. In support of his position, plaintiff relies on the Supreme Court decision in Theriot v. Midland Risk Ins. Co., 95-2895 (La.5/20/97), 694 So.2d 184. In that case, the Supreme Court held that although a right of action is available to both insureds and third-party claimants under La. R.S. 22:1220, only the commission of the specific acts listed in La. R.S. 22:1220 B can support a private cause of action for breach of the statute. 694 So.2d at 192. This holding was followed by this Court in Jeanpierre v. Mikaelian, 97-1850 (La.App. 4 Cir.1998), 709 So.2d 915, writ denied, 98-1162 (La.6/5/98) 720 So.2d 689, wherein an award of penalties was upheld where the insurer failed to pay a third-party claimant's property damage claim in violation of LSA-R.S. 22:1220 B(2). However, this court reversed the trial court's award of penalties which were awarded based on R.S. 22:1220 A, citing as authority the Supreme Court's holding in Theriot. 709 So.2d at 919-920.
In ruling on defendants' peremptory exception in the present case, the trial court relied on the case of Venible v. First Financial Ins. Co., 97-2495 (La.App. 4 Cir. 8/26/98), 718 So.2d 586, writ denied, 98-2858 (La.1/8/99), 735 So.2d 638. On remand from the Supreme Court, this Court held that a third party claimant does not state as cause of action under LSA-R.S. 22:1220 B(5) because a strict reading of that provision requires that it only applies to an insured and not to third party claimants.
Plaintiff distinguishes his case from the facts in Venible where there had been an admission by the plaintiff that the insurer had not committed any of the enumerated acts listed in R.S. 22:1220 B(1-4). Plaintiff also argues that he has asserted a cause of action for a violation pursuant to LSA-R.S. 22:658, which is not governed by the decision in Venible. Thus, plaintiff argues, the peremptory exception was wrongfully maintained.
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the *788 papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true. La.Code Civ. Proc. Arts. 927, 931; Owens v. Martin, 449 So.2d 448 (La.1984).
Plaintiff's petition alleges that he was injured in an automobile accident with a vehicle being driven by Carol Sydney and insured by State Farm; that he had made amicable demand to State Farm for payment of his claim; that State Farm had arbitrarily, capriciously and without probable cause failed to deal fairly, in good faith with claimant; that State Farm had failed and refused to pay plaintiff's claim within thirty days of satisfactory proof of loss in violation of R.S. 22:658 and R.S. 22:1220; that he is entitled to damages, including penalties, attorney's fees and costs of the proceedings.
LSA-R.S. 22:1220 provides:
Sec.1220. Good faith duty; claims settlement practices; cause of action; penalties
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverage at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
Under the Supreme Court's holding in Theriot, section (A) of this statute does not apply to third-party claims. Rather, only commission of the specifically enumerated acts in section (B)(1)-(5) support a third-party claimant's cause of action for breach of the statute. Theriot, 694 So.2d at 192.
In the present case, plaintiff failed to allege in his petition that the insurance company performed any of the dishonest or fraudulent acts which are listed in section (B)(1)-(B)(4) of the statute. A careful review of plaintiff's petition reveals that plaintiff did not allege that defendant 1) made misrepresentations concerning the facts or policy provisions; 2) failed to pay after an agreement was reduced to writing; 3) denied coverage or attempted to settle a claim based upon a fraudulent application; or 4) misled claimant regarding the applicable prescriptive period. Rather, plaintiff's allegations fall directly under section (B)(5) of the statute: that the insurance company breached its duty by failing to pay a claim within thirty days of receiving satisfactory proof of loss.
The issue of whether a third party claimant states a cause of action for damages and penalties under LSA-R.S. 22:1220 B(5) has been considered by several appellate courts since the Supreme Court's decision was rendered in Theriot. These courts have held that Subsection 1220 B(5), by its express language, applies only to claims due to an insured. See, Guidroz v. State Farm Mut. Auto. Ins. Co., 97-200 (La. App 3 Cir. 6/25/97), 698 So.2d 967, reversed on other grounds, 97-2653 *789 (La.1/30/98), 705 So.2d 738; Smith v. Midland Risk Ins. Co., 29,793 (La.App. 2 Cir. 9/24/97), 699 So.2d 1192; Venible v. First Financial Ins. Co., 97-2495 (La.App. 4 Cir. 8/26/98), 718 So.2d 586. We find the reasoning in these cases to be sound, and we find that the holdings are applicable to the facts in the present case. We therefore conclude that since plaintiff in this case is not a "person insured by the contract," that section 1220 B(5) does not apply to his claim.
The final issue presented for our review is whether LSA-R.S. 22:658 provides a cause and/or right of action to plaintiff in this case. That statute provides in pertinent part:
A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
(2) All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any third party property damage claim and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.
(3) Except in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim and of a claim for reasonable medical expenses within fourteen days after notification of loss by the claimant. In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant. Failure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1220.
(4) All insurers shall make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proofs of loss of that claim.
B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor, as provided in R.S. 22:658 A(1), or within thirty days after written agreement or settlement as provided in R.S. 22:658 A(2) when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, together with all reasonable attorney fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, ten percent of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney fees for the prosecution and collection of such amount.
LSA-R.S. 22:658 A(1) by its express language applies only to the claims made by the insured and is not applicable in the present case. See, Payton v. Colar, 518 So.2d 1104 (La.App. 4 Cir.1987). LSA-R.S. 22:658 A(2) requires the insurer to pay claims for property damage and reasonable medical expenses "within thirty days after an agreement is reached between the insurance company and the third-party claimant." There has been no allegation that an agreement has been reached between claimant and State Farm, and this provision is not applicable in this case.
Revised Statute 22:658 A(4) provides: "All insurers shall make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proofs of loss of that claim." The arbitrary and capricious failure to comply with *790 section (A) subjects an insurer to penalties and attorney fees. La. R.S. 22:658 B(1).
However, Louisiana courts have held that the penalty provisions of Revised Statute 22:658 B are inapplicable to third party claimants such as plaintiff. Marie v. John Deere Ins. Co., 96-1288 (La.App. 1 Cir. 3/2797), 691 So.2d 1327; Nettleton v. Audubon Ins. Co., 93-1576 (La.App. 1st Cir.5/20/94), 637 So.2d 792, 795-96. Thus, the trial court did not err when it found that plaintiff failed to state a cause of action under this statute.
Accordingly, for the reasons assigned herein, we find no error of the trial court in its judgment maintaining defendants' peremptory exception of no cause and/or right of action. The judgment is affirmed. Appellant is to bear all costs of this appeal.
AFFIRMED.