812 So.2d 755 (2002)
John G. TOERNER
v.
Elvira HENRY and Safeway Insurance Company of Louisiana.
No. 2000 CA 2934.
Court of Appeal of Louisiana, First Circuit.
February 15, 2002.
Rehearing Denied April 1, 2002.
*756 Walter Antin, Jr., Hammond, Counsel for Plaintiff/Appellee John G. Toerner.
James Brady, Lafayette, Counsel for Defendants/Appellants Elvira Henry and Safeway Insurance Company of Louisiana.
Before: FITZSIMMONS, DOWNING, and LANIER[1], JJ.
FITZSIMMONS, J.
Plaintiff, Mr. John G. Toerner, and defendant, Elvira Henry, were involved in an accident. Ms. Henry's insurer, Safeway Insurance Company (Safeway), reimbursed Mr. Toerner's insurer for repairs to the Toerner vehicle. However, Mr. Toerner made an additional claim to Safeway for the diminished value of the vehicle that could not be repaired. Proof of the claim, including amounts related to repair, insurance, and "inherent" diminished value, was forwarded to Safeway on April 14, 1999. In response, Safeway did not inspect the vehicle, but did talk to the company that did the repair work. Safeway was told that the vehicle had been repaired. Based on that conversation and their interpretation of the proof of claim, Safeway concluded that the claims for diminished value were related to faulty repair work and denied the claim. Mr. Toerner filed suit and alleged that his vehicle suffered diminished value notwithstanding the repair.
After a trial, the trial court held in favor of plaintiff, Mr. Toerner. The trial court accepted the testimony of Mr. Toerner's expert over evidence submitted by the defendants. Essentially, Mr. Toerner's expert testified that the "core support" of the vehicle was damaged. Even though it had been properly repaired, the expert opined that a repaired "core support" resulted in a diminished market value for the vehicle.
By judgment dated August 1, 2000, the trial court awarded $2500 for diminished value, with interest from the date of judicial demand. Additionally, the trial court found that Safeway failed "to adequately investigate" and arbitrarily and capriciously failed to pay the claim timely. In the same judgment, the trial court awarded $1500 for attorney fees under La. R.S. 22:658 for failure to pay the claim timely, $5000 for penalties under La. R.S. 22:1220 for failure to pay timely, the costs of the proceedings, and legal interest on the fees and penalties from the date of judgment.
Defendant, Safeway, moved for a new trial on the issue of penalties and attorney fees awarded under La. R.S. 22:1220 and 658. Safeway argued that neither statute provided a legal basis for the award, under the facts of the instant case. Mr. Toerner did not file a motion for a new trial. In his opposition to Safeway's motion, he merely argued that he should be awarded additional penalties as damages. After a hearing, the trial court denied the motion for new trial. In its reasons for the denial, the court found that Safeway "refused to initiate a loss adjustment" as required by *757 law. See La. R.S. 22:658 A(3). The trial court cited La. R.S. 22:658 B(1) as its authority for the attorney fees previously awarded in the August 1st judgment. Mr. Toerner's argument for additional penalties was also denied.
Defendants, Safeway and Ms. Henry, appealed. They argue that the trial court erred in its award of attorney fees and penalties. Mr. Toerner answered the appeal. He asks for additional damages, penalties, and attorney fees. He also argues that the legal interest on the penalties and fees was due from the date of the judicial demand, not the date of the judgment. We reverse the award of penalties and attorney fees.

CLAIM UNDER LA. R.S. 22:658
The specific provisions of La. R.S. 22:658 governing failure to pay a claim timely do not apply to this particular claim. The claimant here is not an insured and no written agreement or settlement was reached. See La. R.S. 22:658 A(1) & (2). However, Mr. Toerner argues that La. R.S. 22:658 A(3) does provide a third party cause of action for penalties when an insurer fails to initiate an investigation timely. That section relied on provides that:
(3) Except in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim and of a claim for reasonable medical expenses within fourteen days after notification of loss by the claimant.... Failure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1220.
A plain reading of section 658 A(3) requires only that the process be initiated. In other words, reasonable steps to gather necessary information on the claim must be begun within 14 days.[2] See McClendon v. Economy Fire & Casualty Insurance Company, 98-1537, p. 7 (La.App. 3 Cir. 4/7/99), 732 So.2d 727, 731. Certainly, the simple opening of a file is insufficient, but the statute does not require that the claim be thoroughly investigated and settled within 14 days.
It was undisputed that Safeway received the proof of claim, spoke with the repair shop, reviewed the file, and concluded that the diminished value claim was actually a claim for faulty repairs. Although the insurer did not visually inspect the vehicle, the record does not reasonably support a finding that the insurer failed to "initiate loss adjustment" within fourteen days. A failure to inspect the vehicle is not a failure to initiate. The scant information supplied in Mr. Toerner's initial claim for diminished value also distinguishes Safeway's responsive investigatory steps from a clear "failure" to "initiate loss adjustment" within fourteen days. La. R.S. 22:658 A(3).
Therefore, regardless of which section of La. R.S. 22:658 the trial court relied on, we find that the trial court legally erred. Under the facts of this particular case, La. R.S. 22:658 provides no basis for the penalty and attorney fees awarded by the trial court.

CLAIM UNDER LA. R.S. 22:1220
The Louisiana Supreme Court has held that the broad-based duty owed by an insurer, found in section 1220 A, cannot be used to amplify the exclusive list of sanctioned acts in section 1220 B. Theriot v. Midland Risk Insurance Company, 95-2895 (La.5/20/97), 694 So.2d 184; see Vaughn v. Franklin, XXXX-XXXX, p. 16 (La. App. 1 Cir. 3/28/01), 785 So.2d 79, 91, writ *758 denied, XXXX-XXXX (La.10/5/01), 798 So.2d 969. However, the supreme court did recognize that section 1220 B contained certain limited causes of actions for penalties by third party claimants. Theriot, 95-2895 at pp. 15-16, 694 So.2d at 193. When a statute provides for penalties, the statutory language is strictly construed. Theriot, 95-2895 at p. 4, 694 So.2d at 186; Vaughn, XXXX-XXXX at p. 16, 785 So.2d at 91. Thus, the wording of each category of penalty-sanctioned behavior must be given close scrutiny, without unnecessary interpretation or expansion of the rights granted by law.
Mr. Toerner specifically relied on Section 1220 B(5). Pursuant to section B(5) of La. R.S. 22:1220, an insurer breaches its duty if it knowingly fails "to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." Thus, based on its exact wording, Section 1220 B(5) does not apply to third parties.[3]Woodruff v. State Farm Insurance Company, 99-2818, p. 5 (La.App. 4 Cir. 6/14/00), 767 So.2d 785, 788-89 (and cases cited therein). The sanctioned act is the failure "to pay the amount of any claim due any person insured by the contract...." La. R.S. 22:1220 B(5) (Emphasis added.). Mr. Toerner was not "insured by the contract." Therefore, under the facts of this particular case, the trial court erred in awarding penalties pursuant to section 1220 B(5).
Having found no legal basis for the penalties and fees awarded, we reverse that portion of the judgment of the trial court. For that reason, we need not address the plaintiff's answer to the appeal concerning the penalties and fees. On plaintiff's claim for additional damages, our thorough review of the record provides no reasonable basis for finding that the trial court erred in its award. Thus, we affirm that portion of the judgment. The costs are assessed to plaintiff, Mr. Toerner.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.
NOTES
[1] The Honorable Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] We also note that (1) an insurer that does fail to "initiate" timely is exposed to penalties granted by La. R.S. 22:1220, not section 658, and (2) section 658 A(3) does not involve a payment, and is thus excluded from the attorney fee provisions triggered by a failure to pay. See La. R.S. 22:658 B-D.
[3] The case cited by plaintiff, Defazio v. City of Baton Rouge, 625 So.2d 733 (La.App. 1st Cir.10/15/93), writ denied, 93-2822 (La.1/13/94), 631 So.2d 1164, was decided before the final opinion in Theriot. Defazio relied on an in pari materia reading of the broad-based duty found in section A with section B(5). Defazio, 625 So.2d at 735. However, the supreme court in Theriot repudiated the use of section A to expand the exclusive list of sanctioned acts in section B.