864 So.2d 149 (2004)
Alvin LANGSFORD, Jr., et al.
v.
William J. FLATTMAN, III, et al.
No. 2003-C-0189.
Supreme Court of Louisiana.
January 21, 2004.
*150 Law Office of Edward E. Reynolds, Edward E. Reynolds, John M. Holahan, Jr., Metairie, for applicant.
Law Office of Tonry & Ginart, Richard A. Tonry, Michael C. Ginart, Kim Cooper Jones, Richard A. Tonry, II, Chalmette, for respondent.
PER CURIAM.
At issue in this case is whether the trial court erred in awarding judgment against an insurer in excess of the insurer's policy limits. For the reasons assigned, we find plaintiff failed to state a cause of action for penalties against the insurer and therefore vacate the judgment of the trial court.

UNDERLYING FACTS AND PROCEDURAL HISTORY
This case arises from an automobile accident. A pick-up truck belonging to Alvin Langsford, Jr., was parked near the corner of a street. A vehicle belonging to William Flattman, III, was parked behind Mr. Langsford's truck. As Mr. Langsford was placing his minor son into the truck, Mr. Flattman backed his vehicle into Mr. Langsford's truck. As a result of the accident, Mr. Langsford, individually and on behalf of his minor son, filed the instant suit against Mr. Flattman and Mr. Flattman's insurer, Southern United Fire Insurance Company ("Southern").
Shortly before trial commenced, plaintiff offered to settle the case for $10,000, the amount of Southern's policy's limit. Defendants did not respond to this offer, and the case proceeded to a bench trial.
At trial, plaintiff argued that Southern acted in bad faith in failing to accept its offer to settle the case for policy limits. In support, plaintiff contended a proper investigation by Southern would have revealed that its insured was completely at fault for the accident and could be exposed to a judgment in excess of policy limits.
On November 19, 2001, the trial court rendered judgment in favor of plaintiff and against Southern, awarding plaintiff total damages in the amount of $32,301.43 plus interest and costs.[1] In written reasons for judgment, the trial court made a finding *151 that "Southern breached its duty of good faith in their failure to settle."
Southern appealed the trial court's judgment. The court of appeal affirmed the judgment of the trial court in an opinion not designated for publication.
Upon Southern's application, we granted certiorari to consider the correctness of that decision.

DISCUSSION
In this court, Southern argues that La. R.S. 22:1220 does not permit plaintiff, a third party claimant, to seek penalties against the tortfeasor's insurer for bad faith failure to settle. In response, plaintiff contends Southern's argument is not properly before this court, as Southern did not raise this issue before the district court or the court of appeal.
Pretermitting whether Southern raised this issue in the lower courts,[2] La. C.C.P. art. 927(B) provides that an appellate court may notice the "failure to disclose a cause of action or right or interest in the plaintiff to institute the suit" on its own motion. Under this authority, we now turn to a discussion of whether plaintiff has a cause of action to seek an excess judgment against the tortfeasor's insurer, on the ground the insurer acted in bad faith in failing to settle the claim.
With regard to Southern, plaintiff is a third party claimant. The relationship between the insurer and the third party claimant is neither fiduciary nor contractual; it is fundamentally adversarial. For that reason, a cause of action directly in favor of a third party claimant is generally not recognized absent statutory creation. Theriot v. Midland Risk Insurance Company, 95-2895, p. 15 (La.5/20/97), 694 So.2d 184, 193.
In Theriot, we recognized that La. R.S. 22:1220(B)(1)-(5) and La. R.S. 22:658 create certain limited causes of action in favor of third party claimants that derogate from established rules of insurance law. However, we cautioned that these statutes must be strictly construed in favor of a limited expansion of third party rights rather than a drastic expansion of such rights.
Plaintiff contends La. R.S. 22:1220(B)(5) provides a basis for the district court's award of penalties in his favor. That statute applies to the insurer's failure "to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause."
Although La. R.S. 22:1220(B)(5) uses the word "claimant," the subsection is clearly intended to apply to a claim due "any person insured by the contract." The jurisprudence has consistently held that a third party claimant such as plaintiff is not a person insured by the contract for purposes of La. R.S. 22:1220(B)(5). See Toerner v. Henry, 00-2934 (La.App. 1 Cir. 2/15/02), 812 So.2d 755, writ denied, 02-1259 (La.8/30/02), 823 So.2d 951; Woodruff v. State Farm Ins. Co., 99-2818 (La.App. 4 Cir. 6/14/00), 767 So.2d 785; Venible v. First Financial Ins. Co., 97-2495 (La.App. 4 Cir. 8/26/98), 718 So.2d 586; Smith v. Midland Risk Ins. Co., 28,793 (La.App. 2 Cir. 9/24/97), 699 So.2d 1192.
Thus, on our own motion, we recognize that plaintiff, as a third party claimant, has failed to state a cause of action for recovery of penalties in excess of Southern's policy limits. Accordingly, the judgment of the district court awarding an amount in *152 excess of Southern's policy limits must be vacated.

DECREE
For the reasons assigned, the judgment of the district court awarding plaintiff damages in excess of the policy limits of Southern United Fire Insurance Company is vacated and set aside. The case is remanded to the district court with instructions to enter judgment consistent with this opinion.
NOTES
[1] Significantly and inexplicably, Mr. Flattman, the tortfeasor, as not cast in judgment, only Southern. Thus, the judgment was not rendered against the tortfeasor, but was rendered against the insurer for an amount in excess of the policy limits.
[2] See Johnson v. State, 02-2382 (La.5/20/03), 851 So.2d 918.