STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-70

JUSTIN DODGE

VERSUS

TRACY B. SHERMAN, ET AL.

**********

APPLICATION FOR SUPERVISORY WRITS
FROM THE TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2009-3799
HONORABLE KERRY L. SPRUILL, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

REVERSED.

**Sidney W. Degan, III**
**Travis L. Bourgeois**
**Catherine N. Thigpen**
**Degan, Blanchard & Nash**
**400 Poydras, Suite 2600**
**New Orleans, LA 70130**
**(504) 529-3333**
**COUNSEL FOR DEFENDANT/APPLICANT:**
      **Gemini Insurance Company**

**Michael Joey Bernard**
**Burglass & Tankersley, LLC**
**5213 Airline Drive**
**Metairie, LA 70001-5602**
**(504) 836-2220**
**COUNSEL FOR DEFENDANTS/RESPONDENTS:**
      **Moncla Auto Sales, LLC**
      **Glen Ducote**

**William Compton Helm**
**Kinchen, Walker, Bienvenu**
**9456 Jefferson, Building 3, Suite F**
**Baton Rouge, LA 70809**
**(225) 923-7844**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
      **Tracy B. Sherman**

**Cory P. Roy**
**Brandon J. Scott**
**Benjamin D. James**
**Roy & Scott**
**P.O. Box 544**
**Marksville, LA 71351**
**(318) 240-7800**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
      **Justin Dodge**

**Blake E. Ryland**
**Law Office of Darrel D. Ryland, APLC**
**P.O. Drawer 1469**
**Marksville, LA 71351**
**(318) 253-5961**
**COUNSEL FOR DEFENDANTS/RESPONDENTS:**
      **Moncla Auto Sales, LLC**
      **Glen Ducote**

**GREMILLION, Judge.**

We granted supervisory writs in this matter to review the trial court's denial of a motion for summary judgment filed by Relator, Gemini Insurance Company, in a suit by Mr. Dodge against Ms. Tracey Sherman and her employer, Moncla Auto Sales, LLC (Moncla), following a motor vehicle accident that occurred on March 29, 2009, in Avoyelles Parish. Ms. Sherman was operating a motor vehicle owned by Moncla and insured by Gemini. She was, also allegedly, intoxicated at the time of the collision.

During the course of this litigation, Mr. Dodge amended his petition to assert his entitlement to damages for Gemini's bad faith:

> Plaintiff desires to further amend and supplement the original petition by inserting the following Paragraphs after Paragraph IX of the original petition, said paragraphs to read as follows:
>
> "Additionally, a Uniform Motor Vehicle Traffic Crash Report was issued on the March 29, 2009—the date of the accident— indicating that Justin Dodge was a passenger in the vehicle operated by Tracy Sherman and that Justin Dodge was transported to Avoyelles Hospital subsequent to the collision.
>
> Thereafter, on June 2, 2009, a certified letter was forwarded to Gemini Insurance Company's insured by Justin Dodge's counsel notifying the Insured of Justin Dodge's injuries. Justin Dodge filed suit against Gemini Insurance Company's insured driver on July 8, 2009 and amended his petition on August 31, 2009 naming Gemini Insurance Company as defendant.
>
> Nevertheless, Gemini Insurance Company disbursed its policy limits to additional claimants despite clear notice to it and its insured that Justin Dodge possessed a claim for injuries under the Gemini Insurance Company policy and thereafter denied any further payment to Justin Dodge.
>
> This course of conduct by Gemini Insurance Company constitutes a violation of its statutory [']affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant['] pursuant to Louisiana Revised Statute section 22:1973 entitling Justin Dodge to all damages and penalties appurtenant thereto."

Gemini filed a motion for summary judgment asking that Mr. Dodge's demands against it be dismissed. Gemini argued that La.R.S. 22:1973 does not confer a cause of action upon third parties against the insurer to settle claims. Gemini supported its motion with the affidavit of Mr. Michael J. Gilmartin, Vice President of Claims for Berkley Program Specialists, an authorized representative for Gemini. Mr. Gilmartin affirmed that the policy issued by Gemini to Moncla had a per-accident liability limit of $30,000.00. Also according to Mr. Gilmartin, Gemini issued eight checks to claimants between May 4, 2009, and July 27, 2009, in varying amounts but totaling exactly $30,000.00 arising from the March 29, 2009, accident.

Mr. Dodge opposed the motion for summary judgment and argued that, prior to issuing the aforementioned checks, Gemini did not contact him to attempt to resolve his claim from the accident, despite April 15, 2009 correspondence from his counsel to Cottonport Insurance Agency advising it of Mr. Dodge's claim and attaching a copy of the accident report completed by Trooper David L. Dauzat of the Louisiana State Police, Troop E.[1],[2] Counsel also forwarded similar letters to Performance Insurance Services in Ruston, Louisiana, on April 15, 2009, and June 2, 2009. A fourth letter, also dated June 2, 2009, was sent by counsel to Moncla. A June 5, 2009 letter was sent to Performance Insurance Services in Denham Springs, Louisiana.

Gemini's co-defendants, Mr. Glenn Ducote, Sr., and Moncla, also opposed the motion. They argued that reasonable minds could differ over whether Gemini

---

[1] We note that the Uniform Motor Vehicle Traffic Crash Report completed by Trooper Dauzat lists the insurer of the vehicle driven by Ms. Sherman and owned by Moncla to be "Gemini Insurance," and shows "Performance Insurance Services; Denham Springs, LA 70728" as Moncla's insurance agent.

[2] Cottonport Insurance Agency is Mr. Dodge's uninsured/underinsured motorist insurance agent.

violated its duty to thoroughly investigate the claims or made every effort to avoid prejudicing Moncla in the resolution of the claims. They also argued that there was no dispute over the fact that Gemini was aware that Mr. Dodge was a passenger in the vehicle and that he had sustained injuries.[3]

The trial court deferred ruling on the motion pending the completion of discovery. Eleven months later, Gemini asked that the motion be re-fixed. The matter was heard on January 29, 2016, and the trial court continued the matter for an additional sixty days to allow Mr. Dodge the opportunity to determine whether Gemini had received notice of his demands before it settled the other claims, whether Performance was an agent of Gemini or Moncla, and whether Gemini had advised Moncla of the possibility of an excess judgment arising from the accident.

Thereafter, Gemini filed a supplemental memorandum supporting the motion for summary judgment in which it re-urged its previous arguments and further pointed out that it continued to defend Moncla, Ms. Sherman, and Mr. Ducote. Gemini further argued that since the trial court continued the hearing, Mr. Dodge had done little to discover any of the facts the discovery of which was the purpose of the trial court's continuance, and that, in any event, Mr. Dodge had failed to produce any evidence that Performance Insurance Services was Gemini's agent. Gemini supported its motion with correspondence, forwarded via certified mail to Moncla and Ms. Sherman, dated October 15, 2010, advising them of the possibility of an excess judgment and urging them to notify any other insurers they may have of the claim.

---

[3] Trooper Dauzat's report lists "D" under the heading "Injury" for Mr. Dodge. This translates to "Possible/ Complaint."

3

At argument, these issues were all re-hashed. Mr. Ducote and Moncla urged additional grounds that the motion be denied: Under La.R.S. 22:1073(B)(5), Gemini arbitrarily and capriciously failed to pay Mr. Dodge amounts due him under the policy, and under La.R.S. 22:1973(B)(1), Gemini misrepresented facts to Mr. Ducote and Moncla by failing to advise him of the possibility of an excess judgment.

After argument, the trial court observed that in the process of settling the other claims, it could not "in good faith sit here and believe that the insurance company did not have an accident report in dealing with the people that they settled with."[4] The trial court noted that case law indicates that questions of bad faith are ordinarily not to be decided on summary judgment, and that with notice having been sent to Gemini's "apparent agent of record," as indicated by the accident report, there remained a genuine issue of material fact regarding Gemini's good faith handling of the claim.

Gemini has now sought writs of review in this court asking that we reverse the trial court and enter summary judgment, dismissing Mr. Dodge's demands for bad faith damages pursuant to La.R.S. 22:1973.

### ANALYSIS AND DISCUSSION

An appellate court reviews a grant of summary judgment de novo, applying the same standards as would a trial court. *Schroeder v. Bd. of Sup'rs. of La. State Univ.*, 591 So.2d 342 (La.1991). Summary judgment is governed by La.Code Civ.P. arts. 966 and 967. Article 966, as amended by Act 483 of 1997, provides that while the burden of proving entitlement to summary judgment rests

---

[4] The trial court also noted, however, "I mean it's not—there's no proof one way or the other. . . ."

4

with the mover, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential facts of the adverse party's claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. *Hardy v. Bowie*, 98-2821 (La. 9/8/99), 744 So. 2d 606.

Louisiana Acts 2008, No. 415, §1 renumbered La.R.S. 22:1220 as La.R.S. 22:1973. This statute imposes a "good faith" duty upon insurers. It reads as follows:

> A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
>
> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:
>
> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
>
> (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
>
> (3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
>
> (4) Misleading a claimant as to the applicable prescriptive period.

(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

(6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

D. The provisions of this Section shall not be applicable to claims made under health and accident insurance policies.

E. Repealed by Acts 1997, No. 949, § 2.

F. The Insurance Guaranty Association Fund, as provided in R.S. 22:2051 et seq., shall not be liable for any special damages awarded under the provisions of this Section.

Mr. Dodge has asserted a claim, as quoted above, under Subsection (A) of La.R.S. 22:1973. It has long been held that third-party claimants, i.e., those not covered by the insurance policy at issue, such as Mr. Dodge, are only afforded a private cause of action for violation of one of the specifically-enumerated acts under Subsection (B). *Theriot v. Midland Risk Ins. Co.*, 95-2895 (La. 5/20/97), 694 So.2d 184. Accordingly, Mr. Dodge does not enjoy a claim under La.R.S. 22:1973(A). "The first sentence of Subsection A of the statute recognizes the jurisprudentially established duty of good faith and fair dealing owed to the insured, which is an outgrowth of the contractual and fiduciary relationship between the insured and insurer." *Id.*, at 187.

However, *Theriot* also recognized that the second sentence of La.R.S. 22:1973(A) does confer a private right of action on third-party claimants, but only for the specific acts listed in Subsection (B), none of which apply to Mr. Dodge's claim. Mr. Dodge has not alleged and has produced no evidence that Gemini misrepresented any facts or policy provisions to him. *See* La.R.S. 22:1973(B)(1). There has been no showing that Gemini has failed to pay a settlement between it and Mr. Dodge; indeed, this claim arises because Gemini failed to settle with him. *See* La.R.S. 22:973(B)(2). Gemini has not denied coverage, and no showing has been made that Gemini attempted to settle with Mr. Dodge at all, much less that such attempt to settle was based upon an altered application. *See* La.R.S. 22:1973(B)(3). Mr. Dodge has not asserted that Gemini misled him regarding the applicable prescriptive period. *See* La.R.S. 22:1973(B)(4). Mr. Dodge is not "a person insured by the contract," and La.R.S. 22:1973(B)(5), by law, does not apply to him. *See Langsford v. Flattman*, 03-189 (La. 1/21/04), 864 So.2d 149. Lastly, the claim by Mr. Dodge does not involve immovable property; therefore, La.R.S. 1973(B)(6) does not apply to his claim.

We will briefly address the trial court's concerns about whether Gemini was notified or had notice of Mr. Dodge's claim. The fact that Mr. Dodge's name was included on the accident report does not lead to the inevitable conclusion that he will pursue a personal injury claim. Further, whether Gemini had been placed on notice is completely irrelevant to Mr. Dodge's claim—or lack thereof—under La.R.S. 22:1973.

The arguments by Mr. Ducote and Moncla that Gemini violated La.R.S. 22:1973(B)(1) in not informing them of the possibility of an excess judgment do not bear upon Mr. Dodge's claim. Assuming *arguendo* that Gemini did violate

7

La.R.S. 22:1973(B)(1) in so failing to notify them of the potential for an excess judgment, such a violation is personal to them and not to Mr. Dodge. It is not Mr. Dodge who will be harmed if an excess judgment is rendered, but, rather, Mr. Ducote and Moncla. And, in any event, the record demonstrates that Mr. Ducote and Moncla *were* informed that the potential existed for an excess judgment.

## CONCLUSION

This case involves hornbook law: the jurisprudence is firmly established that a third-party claimant has no cause of action for bad faith under La.R.S. 22:1973 except for the specifically-enumerated acts listed under Subsection (B). Mr. Dodge only alleged a breach of the good-faith duty to settle under Subsection (A). Gemini is correct in that Mr. Dodge has no cause of action under La.R.S. 22:1973(A) and has proven no act under La.R.S. 22:1973(B). Accordingly, the judgment of the trial court is reversed. All demands of Justin Dodge against Gemini Insurance Company are hereby dismissed with prejudice. All costs of this appeal are taxed to Plaintiff/Appellee, Justin Dodge.

**REVERSED.**