# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30419
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2019

Lyle W. Cayce
Clerk

TEAM CONTRACTORS, L.L.C.,

     Plaintiff

v.

WAYPOINT NOLA, L.L.C.,

     Defendant-Third Party Plaintiff - Appellant

v.

CATLIN INSURANCE COMPANY, INCORPORATED,

     Third Party Defendant - Appellee

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-1131

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30419

Waypoint NOLA, L.L.C. ("Waypoint") seeks to recover damages from Catlin Insurance Company, Inc. ("Catlin") for failure to pay an insurance claim in bad faith under title 22, section 1973, of the Louisiana Revised Statutes. Catlin moved to dismiss, arguing that Waypoint is not a "party insured by the contract," and thus cannot recover bad faith damages. Louisiana courts have consistently excluded any party other than a named "insured" from recovering bad faith damages. We thus AFFIRM.

## I.    Background

Waypoint is the owner and developer of the Hyatt House hotel in New Orleans, Louisiana. It hired plaintiff Team Contractors, L.L.C. ("Team") to construct and renovate a portion of the hotel. It also hired HC Architects, L.L.C. ("HCA") to perform design services. HCA subcontracted the design work on the mechanical, electrical, and plumbing system to KLG, L.L.C. ("KLG"). Both HCA and KLG acquired professional liability insurance as required by Waypoint from Catlin. Neither HCA's nor KLG's policy named Waypoint as an additional insured. The contract states:

> [Catlin] will pay on behalf of the Insured all sums in excess of the deductible that the Insured becomes legally obligated to pay as damages and claim expenses as a result of a wrongful act in the performance of professional services anywhere in the world.

(all emphasis removed).

When HCA delivered its list of project specifications for the system that incorporated KLG's designs, it was discovered that designs did not fully comply with the New Orleans building code requirements. Team then had to remove the systems and replace them with revised plans that complied with the code.

Team filed suit against Waypoint for breach of contract and negligence for the increased costs to remove and replace the systems. Waypoint filed a third-party complaint against HCA and KLG, and against Catlin under

No. 18-30419

Louisiana's direct action statute and under section 1973. It alleged that Catlin failed to timely pay a claim in bad faith after a satisfactory proof of loss. Catlin moved to dismiss, arguing that section 1973 only provides a cause of action for named insureds. Because the district court concluded that the statute only creates limited causes of action for third-party claimants, it granted the motion for judgment on the pleadings. Waypoint now appeals.

## II.     Standards of Review

We review de novo a district court's grant of a motion for judgment on the pleadings under Rule 12(c). *See Gentilello v. Rege*, 627 F.3d 540, 543 (5th Cir. 2010). We review a motion for dismissal under Rule 12(c) the same as a motion for dismissal under Rule 12(b)(6). *Id*. at 543-44. To survive a motion to dismiss, a complaint must contain sufficient facts to "state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When deciding issues of state law, we consider how the state's highest court would decide the issue. *See Guilbeau v. Hess Corp.*, 854 F.3d 310, 311 & n.4 (5th Cir. 2017).

## III.     Discussion

Waypoint alleges that it provided satisfactory proof of its loss and that Catlin acted in bad faith by failing to pay the amount within sixty days. The only relevant question thus is whether Waypoint, a third-party claimant, is statutorily allowed to recover bad faith damages.

We first turn to the plain meaning of the statute in question. Under Louisiana law, an insurer "owes to his insured a duty of good faith and fair dealing" and "has an affirmative duty of good faith and fair dealing to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both." LA. STAT. ANN. § 22:1973 (2012). Subsection (B) then establishes when an insurer may be held liable for a breach of that duty by knowingly committing certain acts. *Id*. § 22:1973(B). Waypoint

3

argues that Catlin violated paragraph (B)(5), which specifies as a breach of duty "[f]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." *Id*. § 22:1973(B)(5).  Catlin argues that Waypoint is not a "person insured by the contract" within the meaning of the statute.  We agree.

Under Louisiana law, an "insured" is "the party named on a policy or certificate as the individual with legal rights to the benefits provided by such policy."  LA. STAT. ANN. § 22:1962(B).  When the statute refers to a "person insured by the contract," it contains the specific language referring only to an entity named as an insured.  Waypoint argues that while it is not an "insured," the statute imposes a duty to not only the insured, but also to a "claimant." Though that is true generally of subsection (A), Waypoint's claim is based entirely on paragraph (B)(5), which refers more specifically to a "person insured by the contract." Because paragraph (B)(5) uses the specific language of "person insured by the contract," it limits the insurer's duty to only named insureds.

As Waypoint notes, substituting "insured" for "person insured" would moot the distinction that the legislature made between "the insured," "the claimant," and "any person."  Subsection (A) first creates a duty to the insured of good faith and fair dealing, and then to the insured or the claimant to make a reasonable effort to settle claims.  *Id*. § 22:1973(A).  However, in paragraph (B)(5), the use of the word "claimant" is used only in reference to the "person insured by the contract" having a cause of action for failure to pay claims in bad faith.  A "person insured by the contract" does not include third-party claimants.  *See Toerner v. Henry*, 812 So. 2d 755, 758 (La. Ct. App. 2002) (noting that the provisions are subject to strict interpretation).

4

No. 18-30419

Louisiana courts have consistently applied that interpretation. The Louisiana Supreme Court held in 2004 that while the statute uses the word "claimant," it is only applicable to a person insured by the contract, which excludes a third-party claimant. *Langsford v. Flattman*, 864 So. 2d 149, 151 (La. 2004). Waypoint attempts to distinguish *Langsford* from the present case by arguing that it is a third-party beneficiary to the professional liability contract, not a victim of an automobile accident like the plaintiff in *Langsford*. We see no reason why the principle in *Langsford* cannot be applied here. *Langsford* held that "a third party claimant such as plaintiff is not a person insured by the contract for purposes of La. R.S. 22:1220(B)(5)." *Id.* The Court in *Langsford* was not deciding this as a one-off; it cited Louisiana appellate courts in support of the general proposition that the jurisprudence has held that a third-party claimant has no cause of action under the statute. *Id.* The Louisiana appellate courts have all held that only named "insureds" may bring a suit for bad faith damages. *See e.g.*, *Toerner v. Henry*, 812 So. 2d 755, 757-58 (La. Ct. App. 2002); *Moxley v. Cole*, 736 So. 2d 249, 256 (La. Ct. App. 1999); *Smith v. Midland Risk Ins. Co.*, 699 So. 2d 1192, 1197 (La. Ct. App. 1997); *Armstrong v. Rabito*, 663 So. 2d 512, 514 (La. Ct. App. 1995).[1]

Waypoint cites the Louisiana Supreme Court's decision in *Theriot v. Midland Risk Insurance Co.*, 694 So. 2d 184 (La. 1997), as expanding the cause of action for bad faith damages to third-party claimants. In *Theriot*, the court held that "[t]here is no question" that subsection (B) does "create certain limited causes of action in favor of third-party claimants." *Id.* at 193. Importantly, the specific issue presented here was not before the court in *Theriot*: "Plaintiff admitted that [the insurer] not committed any of the

---

[1] We have previously followed those Louisiana courts, albeit in a non-precedential opinion, and limited paragraph (B)(5) to named insureds. *See New England Ins. Co. v. Barnett*, 465 F. App'x 302, 312 (5th Cir. 2012) (per curiam).

enumerated acts listed in Subsection B, but claimed that Midland was nevertheless liable for violating broad general duties set forth in Subsection A of the statute." 694 So. 2d at 185. Several Louisiana intermediate appellate courts have specifically noted that distinction. *See e.g.*, *Paul v. Allstate Ins. Co.*,720 So. 2d 1251 (La. Ct. App. 1999) (writ denied); *Venible v. First Fin. Ins. Co.*, 718 So. 2d 586 (La. Ct. App. 1998) (writ denied).    In *Langsford*, the Louisiana Supreme Court construed *Theriot* as "caution[ing] that these statutes must be strictly construed in favor of a limited expansion of third party rights rather than a drastic expansion of such rights." 864 So.2d at 151. Following that directive, we decline to expand the statute beyond its clear language.    Thus, because Waypoint is a third-party claimant, it has not sufficiently alleged a right to relief for Catlin's failure to pay a claim in bad faith.

AFFIRMED.